IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

MILTON IRVING FAGIN, INDIVIDUALLY
AND AS INDEPENDENT FOR
DISTRICT JUDGE 57TH DISTRICT COURT)

Plaintiff   )                              Case No.

V.

GOVERNOR GREG ABBOTT IN HIS
OFFICIAL CAPACITY AS
GOVERNOR OF TEXAS

RUTH R. HUGHES IN HER OFFICIAL
CAPACITY AS
TEXAS SECRETARY OF STATE AND

IN THEIR OFFICIAL CAPACITIES

Defendants. )

## TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION REQUESTED

## VERIFIED ORIGINAL COMPLAINT

### Nature of the Case

1. This is an action to declare unconstitutional, enjoin and/or modify THE STATE OF

TEXAS'in-person signature collection and witnessing requirements for Independent and

Third Party Candidates in Texas seeking to qualify for the November 3, 2020 General

Election in light of the current public health emergency caused by the novel coronavirus

and the Governor's emergency orders that had effectively shut down the State of Texas

after the March 3, 2020 Primary, but more importantly the recent surge in COVID-19 in

1

the State of Texas and in particular in San Antonio, Bexar County, Texas during the past several days.

## Signature Requirements for Candidates

2.      "Texas classifies general-election candidates into three groups: those affiliated with an 'established' political party, those affiliated with a 'new' political party, and those running as independents. If a candidate is affiliated with a party, whether established or new, the party name appears alongside the candidate's name on the ballot."

3.      An Independent Candidate "must gather a minimum number of signatures on nominating petitions. For State District Judge, the number of signatures required is 500 signatures from qualified registered voters in the County in which the Candidate runs who have not voted in either the Democratic or Republican Party Primary on March 3, 2020 or the July 14, 2020 Runoff Election in either party, in order to appear on the Texas November 3, 2020 general election ballot in San Antonio, Bexar County, Texas.

4.      The Independent Candidate must file the signatures 30 days after the Primary Election Runoff which was originally scheduled to be held on, however the State of Texas postponed the Runoff Elections until July 14, 2020 because of the pandemic that had shut down the State for months. The Petitions must now be filed with the Texas Secretary of State on or before August 13, 2020, which is thirty (30) days after the Runoff Elections.

5.      The circulator of a candidate's petition must personally witness all signatures given and sign the required circulator's statement affirming that all signatures were taken in their presence. No one may be considered a circulator of any petition page except the person who signs the circulator's statement. **See Texas Election Code**

2

**Sections 142.001 through 142.010.**

Since Texas adopted that requirement, it has not substantially updated or improved its petitioning procedure, despite the availability of less burdensome alternatives enabled by modern technology.

6.     Collecting signatures by hand on paper nomination petitions is inherently burdensome, labor-intensive and inefficient as a means of demonstrating voter support. Many signatures are invalidated due to illegibility, missing information and other technicaldefects. This obliges candidates and parties to collect 25-50 percent more signatures than the requirement, to account for those that may be invalidated.

<u>PARTY</u>

7.     Plaintiff, MILTON FAGIN is an Independent Candidate for the 57TH District Court of Bexar County, Texas, who, timely and legally filed an intent to run for the 57TH District Court of Bexar County, Texas by filing said intent with the Texas Secretary of State on December 9, 2019. That Intent is attached as EXHIBIT 1.

8.     Defendant, HONORABLE GREG ABBOTT, is the Governor of Texas and possesses emergency power to act during emergencies and times of crisis, like that with the coronavirus.

9.     Defendant,  HONORABLE RUTH R. HUGHS is the Texas Secretary of State who is empowered to enforce and administer Texas election laws, including the signature requirements for independent candidates.

10.     At all times relevant to this action, Defendants were engaged in state action under color of state law.

3

11.     Defendants are being sued in their official capacities for declaratory and injunctive relief under 42 U.S.C. § 1983 and 28 U.S.C. § 2201, as well as costs and attorney's fees under 42 U.S.C. § 1988(b).

## JURISDICTION

12.     Jurisdiction in this case is predicated on 28 U.S.C. § 1331, this being a case arising under the Constitution of the United States and 42 U.S.C. § 1983.

## VENUE

13.     Venue is proper in this District under 28 U.S.C. 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Western District of Texas and Plaintiff is a resident of the Western District of Texas and the 57TH District Court of Bexar County, Texas is in the Western District of Texas.

## FACTS

14.     In December 2019, an outbreak of respiratory disease caused by a novel coronavirus emerged in Wuhan, China. The respiratory disease caused by the novel coronavirus, now known as "COVID-19," is an infectious disease that can spread from person to person and can result in serious illness and death.

15.     In the interest of time, and the emergency nature of this lawsuit, Plaintiff will not recite all of the history of this infectious disease known as "COVID-19", but instead most respectfully asks this Court to take judicial notice of not only what has been going on in our Country for over 6 months, but also the Orders of the Federal Courts in the Western District of Texas that have been issued because of this Pandemic. This Court's Orders are attached as ExhibitS 2, 3, 4, 5, 6 AND 7. The District Courts of Bexar County Second Amended Bexar County Civil District Courts

4

COVID-19 Court Operations Operations Plan is attached as Exhibit 8.

16.     On or about March 28, 2020, Plaintiff sent an E-mail to Mr. ADAM BITTER, General Counsel for the Texas Secretary of State. That e-mail is attached as Exhibit 9.

17.     On or about March 20, 2020, Plaintiff sent a letter to the HONORABLE GREG ABBOTT asking for help a Waiver for the collection of signatures during the initial stages of the Pandemic. That Letter is attached as Exhibit 10 9.

18.     On or about April 29, 2020, Plaintiff received a letter dated April 21, 2020 from the Office of the Governor advising it had asked the Secretary of State to reach out to Plaintiff. That letter is attached as Exhibit 11   .

19.     Prior to June 17, 2020, Plaintiff had received no communication from the Texas Secretary of State nor any further communication from the Office of Governor.

20.     On June 17, 2020, Plaintiff initiated a series of telephone calls to the Office of Governor, and was ultimately given a number to call the Texas Secretary of State Office and ask for Ms. LINDA PAYNE, who spoke with Plaintiff and took Plaintiff's phone number.

21.     On or about June 18, 2020, Plaintiff received a telephone call from Mr. ADAM BITTER, General Counsel For The Texas Secretary of State. Mr. Bitter, who was extremely polite and professional spoke with Plaintiff, however, indicated he had no power to give any relief to Plaintiff. Plaintiff requested that Mr. Bitter contact the Governor of the State of Texas and see if an Executive Order could be issued to waive the requirement for the collection of signatures for the 2020 General Election. No further communication was received from either the Office of Governor of the State of Texas or the Texas Secretary of State.

22.     Many if not all of Plaintiff's Volunteers who were assisting in the collection of signatures were resigning on or about June 17, 2020, because of the uptick in the COVID-19 at that time. See Exhibit 12, from Patricia Salais, a key Volunteer.

23.     Plaintiff then advertised for paid help to collect the necessary signatures in order to be placed on the November 3, 2020 General Election Ballot. The response was overwhelmingly positive, however, the following week as this Court knows, a tremendous SURGE in the spread of COVID-19 attacked the State of Texas in particular, San Antonio, Bexar County, Texas.  Exhibits 13 and 14 are two declinations from applicants on June 22 and June 23, 2020 after each learned they would have to go door to door to collect the signatures.

24.     On Saturday June 28, 2020, at the end of an afternoon of attempting to collect signatures, the City of San Antonio issued an Alert on everyone's cell phone, similar to when there is a tornado alert or an Ambert Alert, basically requesting everyone to stay inside their homes. The Alert is attached as Exhibits 15, 16 AND 17.  Two news bulletins on June 28, 2020 are attached as Exhibits 18 and 19.

        Finally attached as Exhibits 19, 20, 21, AND 22 are new bulletins when Vice President Pence, Governor Abbbot, and Dr. Deborah Bix were in Dallas, Texas at UT Southwestern Medical School along with Senator John Cornyn and Secretary Carson.

        Plaintiff further attaches news articles and briefings that further set out the serious SURGE of COVID-19 that has hit San Antonio, Bexar County, Texas in the past several days are attached as Exhibits 22, 23, 24, 25, 26, 27, 28, 29 , 30 AND 31.

6

25.     Plaintiff has the names of over ONE MILLION Registered Voters who are eligible to sign Plaintiff's Petitions, however, this required going personally to every voter's residence, knocking on a door, stepping back and then explaining what is needed. Before the Alert was issued on June 28, 2020, this was extremely difficult because the State and City was in shut down mode for most of the time that Plaintiff would legally be able to collect signatures, after March 3, 2020, and it was extremely difficult to keep a distance of 6 feet and not be around more than 10 persons, because volunteers would have to approach many people in order to obtain one signatures. In fact on Saturday, June 28, 2020, after the virus had escalated in San Antonio and prior to the Alert, 85% of the Voters refused to even answer their doors.

26.     Obviously the collection of signatures at this time is a danger not only to Plaintiff who is in the vulnerable group but also to his workers and the General Public who would not be expected to have a mask on inside their own residences, when we approach their front door, despite the fact we have masks and gloves on and provide a pen for them to keep after they would sign the Petitions. Further to practice "social distancing" and minimizing close contact with others in order to slow the spread of COVID-19 is impossible in order to collect signatures.

27.     Texas and in particular San Antonio, Bexar County, Texas is in serious trouble and the collection of any further signatures as required by the laws of the State of Texas is impossible.

28.     Governor Abbott has now closed certain businesses like bars, and gyms and other facilities in order to protect human lives.

29.    As of the date this Complaint is being drafted San Antonio has over TEN THOUSAND CASES of COVID-19 and hospital are to near capacity. A local major grocery chain, HEB has reported over 24 new cases of employees who have reported sick with COVID -19 over this past weekend.

30.    Given the severity of current SURGE of the coronavirus pandemic and its impact on The State of Texas and in particular San Antonio, Texas, it remains uncertain whether the Governor of the State of Texas or the Mayor of San Antonio will implement further emergency orders, including possible "Stay at home" Order and shelter in place Orders.

31.    Plaintiff has basically lost the entire time in which to secure signatures in order to have his name placed on the ballot because of what has taken place since the Primaries on March 3, 2020 and more importantly what has happened now during the most critical time in which to complete the gathering of the required signatures which must be filed with the Texas Secretary of State on or before August 13, 2020, which is 30 days after the Runoff Elections, as mandated by the laws of the State of Texas.

32.    Plaintiff, cannot jeopardize his health or that of others because according to the Centers for Disease Control, older adults (particularly those over 65) and people of any age who have serious underlying medical conditions (including asthma, heart disease, cancer, and diabetes) may be at higher risk for severe illness from COVID-19. Since then even younger persons are coming ill with this virus.

33.    It is unlawful and practically impossible to gather petition signatures in Texas at this time because of. COVID-19.

8

34.     Gathering signatures during the COVID-19 outbreak endangers not only the health but also the lives of petition-circulators, potential signers, and the public at large.

35.     Even if it were legal and/or physically feasible to gather signatures during the current public health emergency, it is unlikely that petition-circulators would be able to gather any more signatures now of the recent ALERT. The public is and has  good right to be SCARED and as previously stated people are not likely to open their doors to strangers who come knocking.

36.     Arizona has already implemented online petitioning, see ARIZONA SECRETARY OF STATE: CITIZEN CLEAN ELECTIONS COMMISSION, WELCOME TO E-QUAL[12] ("In Arizona, candidates are required to obtain a minimum number of petition signatures to appear on a ballot. Voters interested in assisting Statewide and Legislative candidates can now sign a petition electronically."), and New Jersey's Governor on March 19, 2020 by executive order implemented online petitioning and signature collection for candidates in response to the coronavirus pandemic. See EXECUTIVE ORDER NO. 105, March 19, 2020[13] ("The Secretary of State, county clerks, and municipal clerks shall also accept

http://www.ilga.gov/legislation/ilcs/ilcs5.asp?ActID=89&ChapterID=2.

[12] https://apps.azsos.gov/equal/.

[13] https://www.state.nj.us/state/elections/assets/pdf/candidate/EO-105.pdf.

petitions with signatures co+llected via an online form created by the Secretary of State, which shall be available for use by Thursday, March 19, 2020."). ."). Denver, Colorado and the District of Columbia have also implemented a web-enabled application called Esign, which enables petition circulators to collect signatures on electronic tablets.

9

These web-based platforms are integrated with the jurisdiction's voter rolls, and thus validate signatures automatically, eliminating the need to collect more signatures than the statutorily required number.

37.     The Connecticut Secretary of State on March 28, 2020 formally recommended to the Connecticut Governor and responsible government officials that "[f]or the general election, my recommendation is to again eliminate any path to ballot access via petitions as a minor party or petitioning candidate for the November general election ballot. Instead, grant 3 automatic ballot access for all races in November to any third parties that already have statewide ballot access, currently the Green Party, the Independent Party, the Libertarian Party, and the Working Families Party.".

38.     The United States District Court in the State of Illinois has reduced the number of signatures required by 90%, allowed electronic signatures to be collected and allowed the circulation of petitions without the requirement of the ciculator having to verify each petition.

## Impossibility of Circulation by Candidates

39.     Plaintiffs, Independent Candidate for office in Texas For the Office of District Judge of the 57TH District Court must collect signatures in-person and witnessed in-person under Texas law as an Independent Candidate.

40.     Signature collection could not begin under Texas law for Independent Candidates until after March 3, 2020, the date of the Primary Election as well as having to re-check and/or obtain new or additional signatures after July 14, 2020, the date of the runoff, which is now in the middle of a SURGE of the COVID-19, the public-health concerns, measures and protocols described herein, it is not possible to gather petition

10

signatures other than the minuscule number that may be collected within circulators'
separate households or what have already been gathered prior to this new outbreak.
Substantive petition gathering, in public places, or door-to-door, is not presently
possible, and cannot even continue for the foreseeable future.

41.     Signatures collected to support independent candidates must be filed not later
than August 13, 2020 with the Texas Secretary of State in Austin, Texas for
independent candidates to qualify to have their name placed on the November 3, 2020
general election ballot.

42.     Because of the Governor's recent new orders issued on or about June 28, 2020
and present and the public-health concerns, measures and protocols described herein,
it has become impossible for Plaintiff to continue to collect the required number of
signatures in-person and properly witness them as required by Texas law.

78. On March 20, 2020, Plaintiff sent a letter by Priority Mail which contained a written
request to the Defendant, HONORABLE GREG ABBOTT to waive the collection of
signature requirements for the November 3, 2020 General Election.

79.     Although the Governor has responded, the relief requested was not granted and
instead stated he had asked the Texas Secretary of State of Texas to reach out to
Plaintiff, which as stated herein, also, did not take any action.

## Injury-in-Fact Caused Plaintiff

80.     Texas law, together with the coronavirus outbreak and the current SURGE and
prior Governor's orders, and current ALERT issue by the City of San Antonio
directly cause injury-in-fact to Plaintiff and Plaintiff's First and Fourteenth Amendment
rights.

11

81.    Plaintiff's injuries are fairly traceable to the Texas laws requiring in person signature collection for candidates between March 4, 2020 and August 13, 2020, the coronavirus pandemic, and the Governor's prior orders described in this action and now the unexpected SURGE of COVID-19.

82.    This Court has the power to properly redress Plaintiff's injuries by issuing prospective injunctive and declaratory relief prohibiting enforcement of Texas' signature requirements for candidates for office for the November 3, 2020 general election.

83.    This Court may properly redress Plaintiff's' injuries by directing Defendants to accept for the November 3, 2020 general ballot the nominating papers of Plaintiff, MILTON FAGIN, an Independent Candidate For the 57Th District Court of Bexar County, Texas, without requiring the supporting signatures from voters otherwise required by Texas law, or with fewer than the required number of signatures.

## FIRST CAUSE OF ACTION

## FIRST AMENDMENT

84.    All previous paragraphs and allegations are incorporated herein.

85.    Under present circumstances, Texas' ballot-access requirements for independent candidates for district State offices, and local offices violate rights guaranteed to these Plaintiffs by the First and Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

86.    A real and actual controversy exists between the parties.

87.     Plaintiff has no adequate remedy at law other than this action for declaratory and equitable relief.

88.     Plaintiff is suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## SECOND CAUSE OF ACTION

## FOURTEENTH AMENDMENT EQUAL PROTECTION CLAUSE

89. All previous paragraphs and allegations are incorporated herein.

90.     Under present circumstances, Texas' ballot-access requirements for independent candidates, district State offices, and local offices violate rights guaranteed to these Plaintiff by the Equal Protection Clause of the Fourteenth Amendments to the United States Constitution, as enforced through 42 U.S.C. § 1983.

91.     A real and actual controversy exists between the parties.

92.     Plaintiff has no adequate remedy at law other than this action for declaratory and equitable relief.

93.     Plaintiff is suffering irreparable harm as a result of the violations complained of herein, and that harm will continue unless declared unlawful and enjoined by this Court.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff respectfully pray that this Court:

(1) Assume original jurisdiction over this case;

(2) Issue a temporary restraining order and/or preliminary injunction (i) prohibiting enforcement of Texas' supporting signature requirements for candidates for office for Texas November 3, 2020 general election; (ii) directing Defendants to accept Plaintiff MILTON I. FAGIN's candidate's nominating papers for the November 3, 2020 general

13

election without requiring supporting signatures from voters or with fewer than the required number of signatures.; and (iii) directing Defendants to place Plaintiff MILTON I. FAGIN candidate's name on the Texas November 3, 2020 general election ballot for District Judge 57TH District Court.

(3) Issue a declaratory judgment stating that, in light of the SURGE in The State of Texas, in particular in San Antonio, Texas in the last several days, current public health emergency caused by the novel coronavirus and executive orders requiring that Texas citizens stay at home and shelter in place, Texas' supporting signature requirements for independent candidates for office cannot be constitutionally enforced under the First and Fourteenth Amendments, that Defendants must accordingly accept Plaintiff MILTON I. FAGIN candidate's nominating papers for the November 3, 2020 general election ballot without requiring supporting signatures from voters, and that Defendants must accordingly place this independent candidate's names on the Texas November 3, 2020 general election ballot.

(4) Issue a permanent injunction (i) prohibiting enforcement of Texas' supporting signature requirements for Independent candidates for office for Texas' November 3, 2020 general election; (ii) directing Defendants to accept Plaintiff MILTON I. FAGIN candidate's nominating papers for the November 3, 2020 general election without requiring supporting signatures from voters;

(5) Order Defendants to pay to Plaintiff his costs and a reasonable attorney's fees under 42 U.S.C. § 1988(b); and

14

(6) Retain jurisdiction over this matter and order Defendants to provide to Plaintiff any additional relief the Court deems just.

Respectfully submitted,

**MILTON I. FAGIN, PLLC**

By:

**MILTON I. FAGIN**
P.O. BOX 591429
San Antonio, Texas 78259
(210)(736-4423)
(210)858-6985) Fax
miltonfaginattorney@gmail.com
Bar #06772500
ATTORNEY FOR PLAINTIFF

VERIFICATION OF PLAINTIFF

(pursuant to 28 U.S.C. § 1746)

I, MILTON I. FAGIN, on my own behalf as Plaintiff, verify under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: June 30, 2020

**MILTON I. FAGIN**
INDEPENDENT FOR
DISTRICT JUDGE
57TH DISTRICT COURT

15